IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

**CRYSTAL R. TAYLOR, individually and
as Administratrix of the
ESTATE OF RONALD R. TAYLOR,**

      **Plaintiff,**

v.                                                                                   Civil Action No. 2:19-cv-00027
                                                                                     The Honorable Thomas S. Kleeh
**WALLACE AUTO PARTS & SERVICES,
INC., an Illinois Corporation,**

      **Defendant.**

**and**

**KELLY M. YOUNG and LANE & YOUNG L.C.,
as Administrators of THE RONALD R.
TAYLOR QUALIFIED SETTLEMENT FUND,**

      **Plaintiffs,**

v.                                                                                   Civil Action No. 2:20-cv-00045
                                                                                     The Honorable Thomas S. Kleeh
**CRYSTAL R. TAYLOR,
BRANDON TAYLOR,
ALEXANDRIA TAYLOR,
RONALD M. TAYLOR,
HELEN LLOYD, and
CONNIE MCCOLLAM,**

      **Defendants.**

**ORDER APPROVING PETITION TO APPROVE
<u>CONFIDENTIAL SETTLEMENT OF WRONGFUL DEATH CLAIMS</u>**

On December 14, 2020 came Petitioner Crystal R. Taylor, individually and in her capacity as the Administratrix of the Estate of Ronald R. Taylor, via Zoom video conferencing with counsel Jeffrey Robinette, Esq., Timothy C. Bailey, Esq. and David A. Bosak, Esq., pursuant to the *Petition to Approve Confidential Settlement and Distribute Funds Filed Under*

1

*Seal* ("Petition").  Also appearing at the hearing was Chip Williams, Esq., counsel for Wallace Auto Parts & Services, Inc., Daya Wright, Esq., counsel for Crystal Taylor, Brandon Taylor and Alexandria Taylor, and Phillip Isner, Esq., counsel for Ronald M. Taylor, Helen Lloyd and Connie McCollam.

Upon careful consideration of the testimony, the pleadings and the record appearing before the Court, the Court finds the following:

1. Plaintiff's decedent, Ronald Taylor was seriously injured on June 4, 2018, at the Carter Roag Coal Company's Morgan Camp Mine.  He died the following day at Ruby Memorial Hospital in Morgantown, West Virginia.

2. The Clerk of the County Commission of Barbour County, West Virginia appointed Crystal R. Taylor as Administratrix of the Estate by Order dated July 9, 2018.

3. Prior to filing of this action, Petitioner and Carter Roag Coal Company engaged in pre-suit mediation and negotiated a settlement of the Estate's claims against Carter Roag Coal Company.  That wrongful death settlement was subject of a summary proceeding in West Virginia state court before the Randolph County Circuit Court.

4. In that proceeding, the Randolph County Circuit Court approved that settlement along with certain costs and attorney fees and approved the establishment of a Qualified Settlement Fund to hold the remainder of the settlement proceeds having been apprised by the Estate of the intent to file this present action before this federal court.  The intent was to hold the remaining proceeds of the Carter Roag Coal Company settlement in the QSF so that a final distribution of all proceeds could be made at one time.

5. With the requirement that this tentative settlement be approved by this Court by statutorily required wrongful death summary proceeding and desiring to conserve judicial

resources and expenses to the parties, Petitioner made an oral motion [Dkt. No. 149] before the Court to amend the Complaint to include as relief the consolidation of the QSF funds with Civil Action no. 2:19-cv-00027. The Court, hearing no objection from any party, granted this Motion. As a result, this Court obtained jurisdiction over the QSF and has the authority to distribute the remaining funds in the QSF.

6. To pursue the claims of the Estate and individual claims herein, Crystal R. Taylor retained the law firm of Bailey Javins and Carter, LC to prosecute this action pursuant to a 35% contingency fee agreement, plus reimbursement of expenses.

7. After filing suit in this matter, the parties engaged in discovery on all issues of liability and damages in preparation for trial of the case by jury, and, at this time, a proposed settlement agreement has been reached with the Defendant Wallace Auto Parts & Services, Inc.

8. Petitioner has negotiated a proposed confidential settlement of the Estate's wrongful death claim with Defendant Wallace Auto Parts & Services, Inc. Liability is contested by Defendant Wallace Auto Parts & Services, Inc.

9. For the purposes of this settlement with Defendant Wallace Auto Parts & Services, Inc., Petitioner's counsel's contingency fee is 35%. The Court hereby approves and finds fair counsel's attorney fees, and approves and finds fair and reasonable the litigation expenses incurred by counsel of $154,458.95 to litigate this action against Defendant Wallace Auto Parts & Services, Inc., and approves distribution of the same to counsel for the Petitioner. Petitioner understands that the litigation expenses must be deducted out of the total settlement proceeds.

10. Petitioner asserts there are no outstanding medical, funeral or burial expenses to be paid from the proposed settlement.

11. Petitioner fully understands that upon approval of the settlement by the Court and their subsequent execution of the settlement documents including a release and dismissal order, any other claims she, the Estate of Ronald R. Taylor, or the heirs of the Estate may have against Defendant Wallace Auto Parts & Services, Inc. related to the death of Ronald R. Taylor are forever barred and may no longer be pursued by them.

12. Pursuant to W. Va. Code § 55-7-6(b), Ronald R. Taylor is survived by the following known statutory beneficiaries:

| **Beneficiary** | **Relationship to Mr. Taylor** | **Adult/Minor** |
|---|---|---|
| Crystal R. Taylor | Spouse | Adult |
| Brandon Taylor | Son | Adult |
| Alexandria Taylor | Daughter | Adult |
| Ronald M. Taylor | Father | Adult |
| Helen Lloyd | Mother | Adult |
| Connie McCollam | Sister | Adult |

13. All of the potential statutory beneficiaries of the Estate were properly notified of the proposed settlement.

14. The Court finds that at the time of Ronald R. Taylor's death on July 9, 2018, Crystal R. Taylor, Brandon Taylor and Alexandria Taylor were financially dependent upon him.

15. The Court finds that the settlement was made in good faith and is in the best interest of the Estate as this matter is contested and the jury could find in favor of the Defendant Wallace Auto Parts & Services, Inc. and against the Plaintiff were the case to go to trial; as Petitioner has asserted that she has been afforded proper and learned legal advice in this matter and on behalf of the Estate of Ronald R. Taylor and believes this proposed settlement amount to be just, fair and equitable under the circumstances; that the Petitioner was not coerced, unduly influenced, or induced to enter into the proposed settlement; and the Petitioner respectfully requests this Court to approve and ratify the settlement, the proposed disbursement thereof, and

grant them permission to execute all settlement documents to consummate the full and final settlement of this matter.

16.     The Court hereby approves the settlement for the reasons stated herein.  The Court further orders that a hearing shall take place on a date and time set by this Court to address the claims of the various beneficiaries for distribution of the net settlement amount.

17.     The Court directs the Petitioner to execute the necessary settlement documents including a release and dismissal order of any other claims they, the Estate of Ronald R. Taylor, or the heirs of the Estate may have against Defendant Wallace Auto Parts & Services, Inc. related to the death of Ronald R. Taylor with the understanding that such claims are forever barred and may no longer pursue or attempt to pursue any legal action for claims against Defendant Wallace Auto Parts & Services, Inc. whether known or not as it relates to the death of Plaintiff's decedent.

**WHEREFORE**, pursuant to West Virginia's Wrongful Death Act, W. Va. Code § 55-7-7, it is, therefore, **ADJUDGED** and **ORDERED**:

- A. That the Petitioner's oral Motion to Amend her *Complaint* [Dkt. No. 149] to include as relief the consolidation of the QSF funds with Civil Action no. 2:19-cv-00027 is **GRANTED**.

- B. That the proposed settlement of the wrongful death claim against Defendant Wallace Auto Parts & Services, Inc. as proposed in the Petition, is hereby **APPROVED**.

- C. That the Petitioner is hereby authorized and directed to accept the sum set forth in the Petition for settlement of all claims of the Estate of Ronald R. Taylor and the statutory beneficiaries of Ronald R. Taylor; and is further authorized and empowered to execute and deliver to the Defendant all releases necessary to effectuate this settlement.

- D. That upon execution of the settlement documents including a release, any other claims that Petitioner, the Estate of Ronald R. Taylor, or his statutory beneficiaries, may have against Defendant Wallace Auto Parts & Services, Inc., or its insurers, related to the death of Ronald R. Taylor are forever barred and may no longer be pursued by them.

  E.  That the payment for counsel's attorney fees, and litigation costs/expenses set forth in Sealed Exhibit B to the Petition be made upon receipt of the settlement funds from the Defendant.

  F.  That counsel for the individual potential beneficiaries identified here shall contact the Court as soon as possible to obtain dates for a hearing to be set by this Court to determine the distribution of the net settlement proceeds among those beneficiaries.

  G.  That upon payment of the settlement aforesaid, Defendant Wallace Auto Parts & Services, Inc. shall be forever discharged, released and acquitted from any and all claims, actions, suits and judgment arising from or relating to the injuries or death of Ronald R. Taylor.

  H.  That the compromise and settlement of these claims was negotiated at arms-length, was fair and reasonable, and is a good faith settlement within the meaning of West Virginia law. *See Hager v. Marshall*, 202 W. Va. 577 (1998), *Smith v. Monongahela Power Co.*, 189 W. Va. 237 (1993), *Board of Educ. of McDowell County v. Zando, Martin & Milstead, Inc.*, 182 W. Va. 597 (1990).

The Clerk of the Court is directed to provide certified copies of this Order, upon its entry, to all counsel and parties of record.

Entered this 18th day of December, 2020.

*/s/ Tom S Kleeh*

The Honorable Thomas S. Kleeh
District Court Judge
United States District Court for the
Northern District of West Virginia